UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL AGUIRRE<br>ON BEHALF OF HIMSELF AND ON<br>BEHALF OF ALL OTHERS SIMILARLY<br>SITUATED<br>Plaintiff,<br><br>V.<br><br>CATHOLIC HEALTH INITIATIVES,<br>INC.<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:17-CV-1334<br>JURY TRIAL DEMANDED |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

**1.     State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

Counsel for Angel Aguirre on Behalf of Himself and on Behalf of All Others Similarly Situated conferred with counsel for Catholic Health Initiatives, Inc. via email on September 18, 2017.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

None

**3.     Briefly describe what the case is about.**

By Plaintiff:

Plaintiff, Angel Aguirre on Behalf of Himself and on Behalf of All Others Similarly Situated, has filed suit against Catholic Health Initiatives, Inc. for failure to pay overtime wages. Defendant' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). Plaintiff assert that such actions were also willful on the part of Defendant.

By Defendant:

Plaintiff contends that he was deprived certain overtime wages for work he allegedly performed at home and outside of his standard work hours. Defendant explicitly denies it engaged in any wrongful or otherwise unlawful conduct with respect to Plaintiff's

employment. Plaintiff also seeks to certify a class of similarly-situated individuals who have also allegedly been denied overtime wages. Defendant specifically denies that Plaintiff was not paid overtime at the legally-required rate under the FLSA. Stating further, Defendant denies that class certification is appropriate and reserves all rights to challenge Plaintiff's attempts to certify a class of individuals and, additionally, reserves all rights to challenge Plaintiff's proposed class definition. Defendant also states that in the event Defendant was found to compensate Plaintiff incorrectly, which Defendant denies, that Defendant's actions were not willful.

**4. Specify the allegation of federal jurisdiction.**

Plaintiffs state this action arises under the FLSA, 29 U.S.C. § 201 *et seq.*, a United States statute. Therefore, this Court has federal question jurisdiction under 28 U.S.C. § 1331. Further, as expressly provided for in 29 U.S.C. § 216(b), this Court has jurisdiction over a collective action, which may be brought in "any Federal or State court of competent jurisdiction."

**5. Name the parties who disagree and the reasons.**

No party disagrees that federal jurisdiction exists.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiffs intend for this matter to be treated as a collective action under the FLSA and will file Plaintiffs' Motion for Notice to Potential Class Members and for Limited Discovery to obtain the names, addresses and phone numbers and other information regarding other class members, all of whom are potential parties to this lawsuit.
Plaintiffs also anticipate adding as Defendants any supervisor or other individual who was responsible for the payroll practices of Defendants. Such Defendants are liability in their individual capacity under the FLSA.

Defendants contend that there are no additional parties that should be included and that neither collective or class treatment for any of Plaintiff's claims are appropriate.

**7. List anticipated interventions.**

None.

**8. Describe class action issues.**

Plaintiffs intend for this matter to be treated as a collective action under the FLSA and will seek discovery to obtain the names, addresses and phone numbers and other information regarding other class members, all of whom are potential parties to this lawsuit. Plaintiffs contend that other employees of Defendants were similarly situated as Plaintiffs in that they performed the same job functions and worked hours in excess of forty (40) hours in a

work week, but were not compensated at a rate of one and one-half their regular rate and with regard to the drivers were not compensated for their minimum wages. At this time, it appears that there are more than fifty (50) other employees of Defendants who might be entitled to receive class notice.

Defendants deny that this is a proper case for collective treatment and deny that class certification is proper.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree that they will complete initial disclosures by Friday, October 27, 2017.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

The parties agree that they will complete and exchange initial disclosures by Friday, October 27, 2017. As to other discovery including ESI, the parties have agreed to work together in good faith to avoid unnecessary cost and to agree upon an ESI protocol to the extent necessary. The parties particularly agree that electronically-stored information ("ESI"), if any, may be discovered and produced in accordance with the Federal Rules. After discovery is served, the parties will further consider and confer, if necessary, regarding the particular formats by which any ESI will be produced, however the parties generally agree that ESI may be produced initially by the producing party in PDF format on media such as CDs.  If possible, such PDF's shall be searchable

**B. When and to whom the Plaintiffs anticipate they may send interrogatories.**

Plaintiffs anticipate sending interrogatories to each Defendant by December 27, 2017.

**C. When and to whom the Defendants anticipate they may send interrogatories.**

Defendants anticipate sending interrogatories to each named and opt-in Plaintiff by February 27, 2017, and/or within thirty (30) days of receiving a Notice of Consent of an opt-in plaintiff as to any plaintiff who opts-in after the filing of this Joint Discovery / Case Management Plan.

**D. Of whom and by when the Plaintiffs anticipate taking oral depositions.**

Plaintiffs anticipate taking the depositions of Defendants' management level employees. Plaintiffs anticipate that such depositions will take place within one hundred twenty (120) days after Plaintiffs receive answers to their written discovery from Defendants. Plaintiffs may also take the deposition of Plaintiffs' co-workers during the same time frame.

Plaintiffs may also take the depositions of any expert witnesses identified by Defendants and any other person whose deposition testimony becomes desirable based on information developed during discovery.

**E. Of whom and by when the Defendants anticipate taking oral depositions.**

Defendants anticipate deposing Plaintiffs and other fact and expert witnesses who may be identified and designated during the course of discovery. Defendants anticipate taking these depositions prior to the discovery cutoff.

**F. When the Plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

The Parties anticipate that they will be able to designate experts and provide reports by September 14, 2018. With respect to rebuttal experts, the parties anticipate that they will be able to designate experts and provide reports by October 15, 2018.

With respect to experts on attorney's fees, the parties will designate such experts in accordance with the dates above; however, they will not be required to file reports on such experts until thirty (30) days before trial. The parties agree to this additional time for reports because fees will continue to accrue as the case continues.

**G. List expert depositions the Plaintiffs (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate deposing any experts identified by Defendants and believes such depositions can be taken within the sixty (60) days following the expert witness designation.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate deposing any experts identified by Plaintiffs and believes such depositions can be taken within the sixty (60) days following the expert witness designation.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement as to this Joint Discovery Case Management Plan, to the extent that any discovery conducted complies with the FRCP.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

The parties anticipate that they can complete discovery by December 30, 2018.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have discussed exchanging evidence prior to initial disclosures to see if the matter can resolved amicably. They have not discussed alternative dispute resolution, but this may remain an option after the exchange of documentation.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has agreed to provide documentation to Defendant, but has been hampered by the recent hurricane disaster.

Further, the parties have agreed to work collaboratively and informally to exchange information about the merits of the case.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiffs' counsel proposes that the parties use an attorney who is board certified in employment law to mediate this matter after resolving the collective action issues under the FLSA and after all payroll and time records have been produced.

While Defendants' counsel does not believe that any mediator appointed for this case necessarily needs to be board certified in employment law so long as the mediator has significant experience and expertise with the FLSA and collective actions, Defendants otherwise agree that additional efforts at settlement, including a second mediation may be beneficial.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

At this time, the parties are not opposed to this matter being heard before the magistrate.

**18. State whether a jury demand has been made and if it was made on time.**

Both parties timely made jury demands.

**19. Specify the number of hours it will take to present the evidence in this case.**

At this time, the parties are not in a position to estimate the hours it will take to present evidence in this case. The time it will take to present evidence will depend largely on whether this matter is certified as a collective action and the number of plaintiffs involved.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at this time.

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The statute of limitations on the other employees who have not opted into this lawsuit is running at this time and will continue to do so until they opt in. Therefore, Plaintiffs contend it is urgent that the Court rule on Plaintiffs' Motion for Notice to Potential Class Members and for Limited Discovery.

**23. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiffs filed their Disclosure of Interested Persons on May 15, 2017.
Defendants filed their Corporate Disclosure Statement and Certificate of Interested Persons on August 16, 2017.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

**COUNSEL FOR PLAINTIFFS:**

**ALEXANDER M. DEFREITAS**
Federal ID No. 1636135
Texas State Bar No. 24042550
a.defreitas@lawyer.com
**DEFREITAS FIRM**
Williams Tower
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
(832) 390-2388 - Telephone
(281) 784-3777 - Facsimile

**COUNSEL FOR DEFENDANTS**:

Robert J. Hingula
Missouri Bar No. 56353
rhingula@Polsinelli.com
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: 816-753-1000


Jonathan E. Clark
Southern Bar No. 1421432
Texas Bar No. 24069515
jclark@polsinelli.com
POLSINELLI PC
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone:  214.397.0030
Facsimile:  214.397.0033

RESPECTFULLY SUBMITTED,

_____
**ALEXANDER M. DEFREITAS**
Federal ID No. 1636135
Texas State Bar No. 24042550
a.defreitas@lawyer.com
**DEFREITAS FIRM**
Williams Tower
2800 Post Oak Boulevard, Suite 4100
Houston, Texas 77056
(832) 390-2388 - Telephone
(281) 784-3777 - Facsimile

*Attorney for Angel Aguirre on Behalf of Himself and on Behalf of All Others Similarly Situated*


  /s/ Robert J. Hingula
Robert J. Hingula
Missouri Bar No. 56353
rhingula@Polsinelli.com
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: 816-753-1000


Jonathan E. Clark
Southern Bar No. 1421432
Texas Bar No. 24069515
jclark@polsinelli.com
POLSINELLI PC
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone:  214.397.0030
Facsimile:  214.397.0033

*Counsel for Defendant*