1IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL AGUIRRE, ON BEHALF OF HIMSELF AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED, Plaintiff, | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-1334 |
| CATHOLIC HEALTH INITIATIVES, INC., Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on Plaintiff Angel Aguirre's Motion for Conditional Certification of a Collective Action and Authorization for Class Notice (the "Motion") [Doc. # 26]. Defendant, Catholic Health Initiatives, Inc. ("CHI"), filed a Response [Doc. # 27]. Plaintiff has not filed a Reply and the deadline for him to do so under the Court's local procedures has expired.[1] Having carefully reviewed parties' briefing, all appropriate matters of record, and the applicable legal authorities, the Court concludes that the pending Motion should be **denied**.

## I.   BACKGROUND

Defendant owns and operates hospitals and medical facilities throughout the

---

[1]   Plaintiff has not moved to extend the deadline to file a reply.

United States. Plaintiff was employed by Defendant as a technician from November 2014 to May 2017, and worked at several of Defendant's facilities in the Houston, Texas, area. It is undisputed that as a technician, Plaintiff was classified as a non-exempt employee under the FLSA. Plaintiff alleges that the primary duties of a technician, which include repairing, inspecting, and monitoring medical equipment, as well as documenting such actions, forced him to work more than forty hours per week. According to Plaintiff, he was not paid an overtime rate for each of the hours he worked in excess of forty hours per week. *See* Declaration of Angel Aguirre ("Aguirre Declaration") [Doc. # 26-1], ¶¶ 4, 12. Plaintiff avers further that Defendant's online system for tracking inventory and equipment repairs, Teamnet, failed to properly account for all of the hours that he worked and recorded.  *See* Aguirre Declaration, ¶ 11.

To address Defendant's alleged failure to accurately record technicians' time and pay those individuals overtime compensation when necessary, Plaintiff seeks conditional certification of the following class:

> [a]ll of Defendants' current and former Hospital and medical facility technicians who were not paid at the federally mandated minimum wage rate and/or worked more than forty (40) hours in a workweek but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present.

Motion, at ECF 2 (the "Proposed Class").

Plaintiff relies only on his own sworn declaration and the declaration of a former co-worker in support of his Motion. *See* Declaration of David Peterson [Doc. # 26-2].[2] The Motion has been fully briefed, and it is now ripe for a decision.

## II. <u>APPLICABLE LEGAL STANDARDS</u>

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee may sue his employer under the FLSA on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees can "opt-in" to a lawsuit under § 207(a) to benefit from a judgment. In this case, Plaintiff asks the Court to allow notice to be given to potential plaintiffs, which would allow those potential individuals to "opt-in" as plaintiffs to the lawsuit. However, notice will not be issued unless a court conditionally certifies the case as a collective action." *Gibson v. NCRC, Inc.*, No. 2011 WL 2837506, at *3 (S.D. Tex. July 18, 2011).

When considering whether to certify a lawsuit under the FLSA as a collective action, courts in this federal district generally use a "two-stage

---

[2] The parties have engaged in at least two months of discovery in this case. Plaintiff cites no evidence obtained through discovery in his Motion.

approach." *See Diaz v. Applied Machinery Corp.*, 2016 WL 3568087, *4 (S.D. Tex. June 24, 2016); *Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015); *see also Caballero v. Kelly Servs., Inc.*, 2015 WL 12732863, *3 (S.D. Tex. Oct. 5, 2015); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). At the first stage, the Court decides whether to conditionally certify a class into which individuals may opt if they seek to benefit and be bound by the outcome of the case. At this stage, in essence, the Court is deciding whether to issue notice to potential class members. *See Walker*, 870 F. Supp. 2d at 465. The second stage occurs when discovery is largely complete. If it chooses, the defendant may move to "decertify" the conditionally certified class. *See id.* at 466. "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010).

At the notice stage, the Court's decision is generally based on the pleadings, affidavits, and other limited evidence. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Walker*, 870 F. Supp. 2d at 465. At this stage, the plaintiff is required to show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses

asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465–66; *see also Andel v. Patterson–UTI Drilling Co., LLC*, 280 F.R.D. 287, 289 (S.D. Tex. 2012).

"Although collective actions under the FLSA are generally favored, the named plaintiff(s) must present some factual support for the existence of a class-wide policy or practice." *Carey v. 24 Hour Fitness USA*, Inc., 2012 WL 4857562, at *1 (S.D. Tex. Oct. 11, 2012) (citing *Walker*, 870 F. Supp. 2d at 466). Conclusory allegations that other employees are similarly situated are insufficient to justify conditional certification. *Rodriguez v. Flower Foods, Inc.*, 2016 WL 7210943, at *2 (S.D. Tex. Dec. 13, 2016). To be "similarly situated," there must be "substantial allegations that potential members 'were together the victims of a single decision, policy, or plan.'" *McKnight*, 756 F. Supp. 2d at 801 (quoting *Mooney*, 54 F.3d at 1213). Certification should be denied "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Where minimal evidence is advanced at the notice stage, the conditional class determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *See id.* (quoting *Mooney*, 54 F.3d at 1214

5

n.8); *see also Walker*, 870 F. Supp. 2d at 465.[3]

### III. ANALYSIS

#### A. Evidence of a Common Policy

Plaintiff fails to meet his burden to show that he and other technicians were "victims" of a common policy or practice by Defendant. First, Plaintiff's Proposed Class seeks to include employees who were not paid minimum wage. The "minimum wage" aspect of the Proposed Class is not viable on the present record. Plaintiff's evidence and argument focus solely on his entitlement to overtime.[4] The minimum wage claims will not be the subject of a collective action in this case.

---

[3] Where the parties have conducted substantial discovery in connection with class certification, some courts apply a more exacting level of scrutiny than the lenient one described above. *See, e.g., Hardemon*, 2011 WL 3704746, at *2 ("The voluminous discovery that the [p]arties have already conducted in connection with class certification in this matter . . . merits a heightened level of scrutiny . . . "); *Basco v. Wal–Mart Stores, Inc.*, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) ("[I]n light of the substantial discovery that has occurred in this matter, the Court will consider the criteria for both the first and second steps in deciding whether it should certify this matter."). These courts made factual determinations whether the claimants were similarly situated based on the totality of the circumstances. *See Hardemon*, 2011 WL 3704746, at *3 (citations omitted). Although the parties have engaged in discovery on the conditional certification issues, the Court evaluates the parties' evidence and argument under the lenient standard typically applied in this circuit.

[4] Plaintiff makes no factual allegations, and cites no evidence, that Defendant failed to pay any member of the Proposed Class, including himself, the federally mandated minimum wage. Plaintiff argues solely for collective action certification based on overtime claims.

6

Regarding Defendant's failure to pay overtime, it appears Plaintiff challenges Defendant's alleged policy and practice of failing to credit for pay purposes all of the hours its technicians entered into Defendant's Teamnet system. Plaintiff's contentions are unsupported. He produces no evidence that the Teamnet system monitors employees' time performing work for Defendant. The undisputed evidence of record shows that the primary purpose of the Teamnet system is to track the status of equipment, inventory, and repairs, not technicians' time worked.[5] Defendant tracked technicians' hours worked in a different database (the "Time Keeping System"). Technicians are directed to clock in and out of the Time Keeping System, whenever and wherever they are working, by calling a designated phone number.[6] Plaintiff does not allege and cites no evidence of a policy or practice by Defendant that: (1) technicians were told to clock in and out using Teamnet; (2) technicians were informed that time worked would be calculated using Teamnet; (3) technicians were led to believe they would receive credit for time recorded in Teamnet even if they were clocked out of the Time Keeping System; or (4) technicians were instructed to forego the standard practice for clocking in and out of the Time Keeping System in reliance on the time being

---

[5]  Affidavit of Lawrence R. Ossese [Doc. # 27-3], ¶ 4. This interpretation is consistent with Plaintiff's description of the Teamnet system. Aguirre Decl., ¶¶ 6-7.

[6]  Affidavit of Kelly Enyart [Doc. # 27-1], ¶ 11. It appears that technicians also were allowed to report their work time to their supervisors in the event they were unable to use the telephone feature of the Time Keeping System. *Id.* ¶ 12.

7

recorded in Teamnet. Nor does Plaintiff allege or cite evidence that technicians were ordered or encouraged to work while not being clocked in to the Time Keeping System. Finally, there is no allegation or evidence that technicians were punished or discouraged from working overtime. There simply is no evidence, or even any allegation, that Defendant led technicians to believe that their entries in Teamnet would supersede or supplement the information provided to Defendant through the formal Time Keeping System. Plaintiff has not identified a practice or policy by Defendant that caused him harm under the FLSA.

### B. Existence of "Similarly Situated" Individuals

Plaintiff has failed to demonstrate that the members of the Proposed Class are "similarly situated to the plaintiff in relevant respects given the claims and defenses asserted." *Walker*, 870 F. Supp. 2d at 465-66. Plaintiff has produced no evidence that he or any of Defendant's other technicians were not paid the federally mandated minimum wage. Nor has Plaintiff produced evidence that anyone not paid minimum wage had the same responsibilities and hours as those who were not paid overtime. Therefore, Plaintiff has not demonstrated he was similarly situated with those in the Proposed Class who were not paid minimum wage.

With regard to putative members of the Proposed Class who allegedly were not paid overtime, Plaintiff's evidence shows that those individuals are not

similarly situated with him or each other. For example, the proposed class of "all of Defendant's current and former Hospital and medical facility technicians" would include technicians such as David Peterson. However, Plaintiff readily acknowledges in the Motion that despite being a former technician employed by Defendant, Peterson was "seemingly more in a floating position of sorts which was different than the other technicians who are similarly situated to Plaintiff." Motion, ¶ 7.[7] This is compelling evidence that Plaintiff is not "similarly situated" to the members of the Proposed Class.[8] Indeed, there appear to be other wide disparities in the job functions and responsibilities among Defendant's technicians. For example, Plaintiff avers in his declaration that, on average, a "Biomed Technician" handles approximately fifty percent more pieces than an "Imaging Technician."[9] These material differences in scope of different technicians' responsibilities strongly support the inference that Lab, Biomed, and Imaging Technicians are not similarly situated.

Further evidence of meaningful disparities among the members of the Proposed Class is the fact that Plaintiff alleges that he sometimes traveled to

---

[7] Peterson himself acknowledges that "[i]n the specific lab technician position that [he] was hired for, [he] had a much lighter workload than the other technicians [he] worked with." *See* Peterson Decl., ¶ 2.

[8] Peterson's lack of interest in actually joining this lawsuit is irrelevant to the questions of whether he is covered by Plaintiff's Proposed Class and whether he is "similarly situated" to Plaintiff.

[9] Aguirre Decl., ¶ 5.

9

various CHI locations for work.[10] There is no evidence regarding how many or what types of technicians regularly were required to travel to different CHI facilities for work. Different travel schedules undoubtedly would affect the amount of time a technician spent working and thus whether, as Plaintiff alleges, it was necessary for technicians to spend time completing work while off the clock.

Finally, the Proposed Class is geographically overbroad. Plaintiff's and Peterson's averments regarding other technicians, at most, relate only to technicians working in the Houston area. No evidence has been presented to establish that Plaintiff is similarly situated to any technicians working for Defendant outside of the Houston area.[11] Accordingly, Plaintiff has not provided support for a local or a nationwide class.

### C. Evidence of Other Likely Opt-Ins

Finally, it is often required that a plaintiff present evidence of other similarly situated individuals who want to "opt-in" to the lawsuit. *See*, *e.*g., *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991); *Haynes v. Singer*

---

[10]  Aguirre Declaration, ¶ 4.

[11]  Courts in this District have declined to find putative class members in a proposed nationwide class similarly situated when all of the declarations regarding the alleged policy come from a single location. *See Blake v. Hewlett-Packard Co.*, 2013 WL 3753965, at *12 (S.D. Tex. July 11, 2013). When a broad class has been proposed, this Court has said that ". . . the fact that [a few] managers allegedly required or condoned off-the-clock work is insufficient to warrant conditional certification of a complex, enormous, nationwide class," such as Plaintiff's proposed class here. *Richardson v. Wells Fargo Bank, N.A.*, 2012 WL 334038, at *4 (S.D. Tex. Feb. 2, 2012).

*Co.*, 696 F.2d 884, 887 (11th Cir. 1983); *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999); *Jones v. Xerox Commercial Sols., LLC*, 2013 WL 5945652, at *4 n.43 (S.D. Tex. Nov. 6, 2013); *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, *9 (S.D. Tex. Jan. 24, 2007).[12]  This factor is easily satisfied if there is some evidence that others are likely to want to join the litigation.  To satisfy this factor, however, courts in this District require more than a plaintiff's self-serving conclusory affidavit that fails specifically to name any individuals that seek to join the suit.  Typically, this Court looks for a showing that there are at least a few similarly situated individuals who have stated they are interested in joining the lawsuit.

Plaintiff has not identified any other individuals willing to participate in this litigation.  The only supporting declaration Plaintiff provided other than his own is from Peterson, a technician who is not similarly situated with Plaintiff and, importantly, who states he does not wish to opt-in to this suit.  In his own declaration, Plaintiff fails to identify a single individual who is interested in joining.  Plaintiff's failure in this regard is notable in light of the fact that he engaged in over two months of discovery and this case has been pending more than a year.  *See Russell v. Nationwide Eviction, LLC*, 2017 WL 4698960, at *3

---

[12]  This requirement is a matter of debate.  *See Diaz v. Applied Machinery Corp.*, 2016 WL 3568087, at *4 (S.D. Tex. June 24, 2016).  The Fifth Circuit has not addressed this requirement.

11

(S.D. Tex. Oct. 19, 2017) (finding evidence that one other individual opting in over a ten month period to be insufficient to satisfy third factor) (citing *Shaffer v. M–I, LLC*, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (declining to conditionally certify proposed class when one valid consent was filed along with an affidavit stating "[plaintiff] know[s] that others would be interested to learn that they too may recover unpaid back wages from [defendant]"); *Morales v. Thang Hung Corp.*, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (declining to conditionally certify a proposed class when one consent was filed along with an affidavit stating that plaintiff believes there are three other employees who would be interested in joining the suit); *Carey*, 2012 WL 4857562, at *3 (S.D. Tex. Oct. 11, 2012) (finding plaintiff's bare assertions and affidavits from other employees, who did not seek to join the lawsuit, insufficient to satisfy third factor); *Simmons*, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (finding defendant's allegations that other putative class members exist insufficient alone to meet the plaintiff's burden).[13]

---

[13] In contrast, classes have been conditionally certified when there are a meaningful number of other individuals who have consented to opt in. *See Stringer v. Trican Well Serv., L.P.*, 2016 WL 7742799, at *2 (S.D. Tex. Mar. 8, 2016) (finding consent from eight other individuals occupying the same position as the plaintiff sufficient evidence of interest by others); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 472 (S.D. Tex. 2012) (affidavits sufficient to demonstrate interest by others when twelve plaintiffs opted in to the lawsuit since its filing); *Foraker v. Highpoint Sw., Servs., L.P.*, 2006 WL 2585047, at *1 (S.D. Tex. Sept. 7, 2006) (twenty-six opt-in statements sufficient evidence to show other putative class members exist who would opt in).

The Court concludes that Plaintiff has failed to demonstrate that any other similarly-situated individuals are interested in joining this lawsuit. There is no need or basis for conditional certification of this case as a collective action when Plaintiff is the only individual who seeks to pursue FLSA claims. Accordingly, Plaintiff has not carried his burden on the third prong of the conditional certification test.

## IV.  CONCLUSION AND ORDER

Plaintiff has not produced evidence that he and other members of the Proposed Class were victims of a single overtime (or minimum wage) compensation policy, plan or decision by Defendant, that he is "similarly situated " to others in the Proposed Class, or that there are other "similarly situated" individuals who wish to opt-in to this lawsuit. It is therefore

**ORDERED** that Plaintiff's Motion for Conditional Certification [Doc. #26] is **DENIED**.

SIGNED at Houston, Texas this 8th day of **June, 2018**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE